**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRADLEY CARTER,** *pro se*,

    **Plaintiff,**

v.                                                                              Case No. 8:13-cv-143-T-30TBM

**COURTESY AUTOMOTIVE GROUP,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Complaint (Dkt. 6). Plaintiff has failed to respond to the motion to dismiss within the applicable time period. The Court, having reviewed the motion and being otherwise advised in the premises, concludes the motion to dismiss should be granted.

Plaintiff Bradley Carter, proceeding *pro se*, filed this lawsuit against his former employer, Defendant Courtesy Automotive Group. The complaint alleges eight counts: Failure to Promote 42 U.S.C. § 1983; 42 U.S.C. § (3) ("Count I"); Disparate Treatment ("Count II"); Age Discrimination in Employment Act Retaliation ("Count III"); False Light ("Count IV"); Defamation ("Count V"); Negligence ("Count VI"); Intentional Infliction of Emotional Distress ("Count VII"); and Breach ("Count VIII").

Although eight counts are listed, the complaint is scattered with disorganized legal conclusions and factual allegations. Carter's allegations relate primarily to perceived

unlawful employment practices by Courtesy, including creating a hostile work environment based on Carter's race and age and failure to adhere to the employee handbook for promotion decisions. Preceding each individual count, Carter states that "Plaintiff re-alleges statements made in STATEMENT OF CLAIMS ABOVE," thereby incorporating all the factual allegations into each of the eight counts. Courtesy moves to dismiss the complaint pursuant to Rules 8(a), 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure.

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides in relevant part that "[a] pleading which sets forth a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) of the Federal Rules of Civil Procedure provides in relevant part that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

The complaint in its entirety fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and is also the equivalent of a "shotgun pleading" because, having reviewed the complaint, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed. App'x 368, 371 (11th Cir. 2005) (stating that a "shotgun pleading" is a pleading in which a plaintiff fails "to identify claims with sufficient clarity"). Carter does not number his allegations or limit his paragraphs to a single set of circumstances. This failure, coupled with the re-allegation of all the facts into each count, makes it virtually impossible for the Court to discern which facts support which claims for relief. If Carter chooses to file an amended complaint, he should number his paragraphs and only refer to the numbered paragraphs within each count that support that claim for relief.

Additionally, Counts I and IV are dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Count I is brought under 42 U.S.C. § 1983. "To obtain relief under § 1983, [a party] must show that he was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). "[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). The Supreme Court has created a nexus/joint action test to determine when a private actor's actions can be state action for purposes of § 1983. *Id.* The nexus/joint action test finds state action when "the State has so far insinuated itself into a

position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity." *Id.* (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961).

Plaintiff has not alleged that Courtesy is a state actor or that the State of Florida has in any way involved itself with the alleged wrongful conduct of Courtesy. In fact, the complaint alleges that "Defendant Courtesy Toyota of Brandon has continuously been a Florida corporation doing business in the city of Brandon and has continuously had 25+ employees." Courtesy responds that it is a for profit corporation that sells automobiles. Thus, Carter cannot proceed on a § 1983 claim against Courtesy.

Count IV is a claim for false light. Florida law does not recognize the tort of false light. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1100 (Fla. 2008) ("Because we conclude that false light is largely duplicative of existing torts, but without the attendant protections of the First Amendment, we decline to recognize the tort and answer the certified question in the negative."). Accordingly, Carter cannot bring a claim for false light.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Complaint (Dkt. 6) is GRANTED.
2. This case is DISMISSED WITHOUT PREJUDICE as to Counts II, III, V, VI, VII, and VIII. Plaintiff may file an amended complaint that conforms to the pleading requirements set forth in the Federal Rules of Civil Procedure within twenty (20) days from the date of this Order.

3. This case is DISMISSED WITH PREJUDICE as to Counts I and IV. Plaintiff should not include claims for relief based on 42 U.S.C. § 1983 or the tort of false light if he chooses to file an amended complaint.

4. If Plaintiff fails to file an amended complaint within twenty (20) days from the date of this Order, this case shall remain dismissed without prejudice, and the Court will direct the Clerk to administratively close this case, without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-143.dismisswithoutprejudice.frm