UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRADLEY CARTER,** *pro se***,**

    **Plaintiff,**

v().                                      Case No.  8:13-cv-143-T-30TBM

**COURTESY AUTOMOTIVE GROUP,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 17) and Plaintiff's Motion to Deny Defendant's Motion to Dismiss (Dkt. 19). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes the motion to dismiss should be denied.

*Pro se* Plaintiff Carter alleges four counts against Defendant Courtesy Automotive Group: (1) Race Discrimination under 42 U.S.C. § 1981; (2) Race Discrimination under the Florida Civil Rights Act ("FCRA"); (3) National Origin Discrimination under the FCRA; and (4) Retaliation under 42 U.S.C. § 1981 and the FCRA. The Court dismissed Carter's original complaint for failure to comply with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. Courtesy now moves to dismiss Carter's amended complaint again for failure to comply with Rules 8(a) and 10(b) as well as Rule 12(b)(6) as to the claim of national origin discrimination.

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks.

Carter's amended complaint contains numbered paragraphs divided into four counts. Courtesy objects based on Carter's inclusion of extraneous factual allegations and his incorporation by reference of the majority of the complaint allegations into each count. The Court agrees that Carter includes immaterial factual allegations; however, when viewed under the less rigid standard of *pro se* pleadings, they are a vast improvement from the complaint and suffice under Rules 8(a) and 10(b). The Court notes that the counts are premised on similar, if not the same, factual allegations and thus incorporation poses less of the symptomatic problems of shotgun pleadings, such as irrelevant information. Thus, Carter has passed the requirements of Rule 8(a) and 10(b).

Courtesy also moves to dismiss Count III under Rule 12(b)(6) based on Carter's failure to allege national origin discrimination in his Charge of Discrimination with the EEOC. A plaintiff must exhaust his available administrative remedies by first filing a charge with the EEOC. *Anderson v. Embarq / Sprint*, 379 Fed. App'x 924, 926 (11th Cir. 2010). "The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation." *Id.* The Eleventh

Circuit has stated that a plaintiff's complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000). However, "[t]his Court need not bar any claims simply because the Plaintiff did not check all of the proper boxes on the EEOC charge." *Gregory v. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004).

The proper inquiry is whether Count III of Carter's complaint alleging national origin discrimination claim is like or related to, or grew out of, the allegations contained in the EEOC charge. Carter did not check the "national origin" box on his Charge of Discrimination with the EEOC. Yet, the text of his EEOC complaint discusses the promotions of Alex Ertle and Sally Buck, both of whom he names as employees who were treated differently than him in the allegations under Count III. Carter's charge of discrimination states "I believe I have been discriminated and retaliated against because of my race, Black." Dkt. 17-1. Although he does not mention national origin in his EEOC charge, it is clear the same facts give rise to Count III in his complaint. *See Alvarado v. Boca Raton Cmty. Hosp.*, 2010 WL 3941826, at *10 (S.D. Fla. Oct. 6, 2010) (finding there was no failure to exhaust administrative remedies because "the evidence remains the same with respect to both the national origin and race discrimination claims, thus any investigation by the EEOC into either race or national origin discrimination would have revealed the same evidence").

Moreover, courts have found it difficult to distinguish between national origin and race discrimination because they are often factually identical. *Id.* at *10 n.7. By using the term "Black" in his charge of discrimination, the EEOC was put on notice that Carter may be raising claims of national origin discrimination. *See id.* at *10. Accordingly, Courtesy's motion to dismiss Count III under Rule 12(b)(6) for failure to exhaust his administrative remedies is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 17) is DENIED.

2. Defendant shall file an answer to the amended complaint within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 28, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-143.denymtdismiss.frm