UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADLEY CARTER,

    Plaintiff,

v.                                        Case No: 8:13-cv-143-T-30TBM

FLORIDA AUTOMOTIVE SERVICES
LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Default against Florida Automotive Services, LLC, a Wholly Owned Subsidiary of Asbury Automotive Group, Inc. (Dkt. #58) and Defendant's Memorandum in Opposition (Dkt. #60). Plaintiff filed this action *pro se* against Defendant Florida Automotive Services, LLC for unlawful employment practices based on race, age and retaliation.

Defendant has already filed a Motion to Dismiss the Complaint, (Dkt. #6 ) which the Court granted, a Motion to Dismiss Amended Complaint, (Dkt. # 17) which the Court denied, an answer (Dkt. #22), and an amended answer (Dkt. #25) in this action. Under the federal and local rules, a default judgment is appropriate when a party against whom the judgment is sought has failed to plead or otherwise defend against the case. Fed.R.Civ.P. 55, Local Rule 1.07(b). Therefore, Plaintiff's request for a default judgment is without merit.

If the Plaintiff wants to proceed with requesting judgment in this matter, the Plaintiff must comply with the federal and local rules in this case. The Court's denial of Plaintiff's Motion for Default, and Plaintiff's prior motions for summary judgment (Dkts. #12, 15) does not prevent the Plaintiff from filing another motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

As a procedural matter, when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter the motion. Pursuant to Rule 56, the party opposing the motion must respond with sworn affidavits or documents specifically alleging facts that show there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds but the response does not comply with the requirements of Rule 56 as stated above, the court may declare that the facts in the affidavits or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion are entitled to have the motion granted and final judgment entered in their favor based upon the pleadings, depositions, answers to interrogatories, and answers to admissions filed with the affidavits.

Defendant requests that the Court award its attorney's fees for defending against this Motion as a sanction given that this Motion and eight others filed by the Plaintiff were frivolous. The Court has held the Plaintiff to less stringent pleading standards since he is a *pro se* litigant. *Shuler v. Ingram & Assocs.*, 441 Fed. Appx. 712, 717 n. 3 (11th Cir. 2011) (noting that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted

by attorneys and will, therefore, be liberally construed.") Nonetheless, Plaintiff is bound by the rules of this Court and may not continue file frivolous or baseless motions. *See United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("…ignorance is no hidden virtue; a *pro se* [litigant] must follow the rules of procedure and evidence, and the district court has no duty to act as his lawyer." (citation omitted)). The Court will deny this motion for sanctions but Plaintiff is cautioned that future frivolous motions may result in attorney's fees being assessed against him.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default against Florida Automotive Services, LLC, a Wholly Owned Subsidiary of Asbury Automotive Group, Inc. (Dkt. #58) is DENIED.

2. Defendant's motion for sanctions is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of March, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-143 default.docx

3